**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Lev,<br><br>        Plaintiff,<br><br>v.<br><br>Unum Life Insurance Company of America Incorporated,<br><br>        Defendant. | No. CV-25-04393-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to remand. (Doc. 12.) For the reasons that follow, the motion is denied.

**BACKGROUND**

On July 28, 2025, Plaintiff (who is proceeding *pro se*) filed a complaint in Maricopa County Superior Court, naming Unum Life Insurance Company of America, Inc. ("Unum") as the sole defendant. (Doc. 1-1 at 22-32.) The complaint asserts state-law claims for breach of contract, insurance bad faith, and intentional infliction of emotional distress ("IIED"), as well as a claim for attorneys' fees, and seeks unspecified damages as to the first two claims and damages of "$100,000-$200,000" as to the IIED claim. (*Id.* at 30-31.)

On October 23, 2025, Plaintiff improperly served the complaint and summons on Unum's registered agent in South Carolina. (*Id.* at 16-17.)

On October 24, 2025, Plaintiff filed a First Amended Complaint ("FAC") that asserted the same claims as his original complaint. (*Id.* at 4-14.)

On November 21, 2025, Unum filed a notice of removal in this Court, asserting that removal is permissible because Plaintiff is a citizen of Arizona and Unum is a citizen of Maine, such that the parties are completely diverse, and the amount in controversy exceeds $75,000. (Doc. 1.)

On December 12, 2025, Plaintiff filed the motion to remand. (Doc. 12.) The motion is now fully briefed (Docs. 16, 17) and neither side requested oral argument.

## LEGAL STANDARD

"A defendant generally may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1441(a)). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are diverse. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[1] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). *See also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

## DISCUSSION

Plaintiff's first ground for opposing Unum's removal effort is that "complete diversity is absent: Unum is a citizen of Arizona for purposes of this lawsuit under the 'nerve center' test of 28 U.S.C. § 1332(c)(1) and *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)." (Doc. 12 at 2.) In support of this assertion, Plaintiff notes that Unum is licensed to transact insurance business in Arizona and that the relevant conduct at issue in this case occurred in Arizona. (*Id.* at 3.)

---

[1] The "strong presumption" against removal in "mine-run diversity cases" was not altered by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), which addressed removal of class actions under the Class Action Fairness Act. *See generally Johnson v. Twin City Fire Ins. Co.*, 2015 WL 1442644, *2 n.2 (D. Ariz. 2015).

In response, Unum asserts that it "is not a citizen of Arizona," that it is a citizen of Maine because Maine is where it is incorporated and maintains its principal place of business," and that "[t]he mere fact that [it] is licensed to transact insurance business in Arizona, transacts such business, and has a designated agent for service of process in the state does not make it an Arizona citizen." (Doc. 16 at 1-2.) Unum also proffers a declaration from J. Paul Julienne, the corporate secretary of its parent company, who avows that Unum "is, and at all times relevant was, a corporation duly organized and existing under the laws of the State of Maine. with its home office and principal place of business located in Maine." (Doc. 16-3 ¶ 2.) And Unum also cites an array of cases recognizing that it is a citizen of Maine for diversity purposes. (Doc. 16 at 3-4.)

In his reply, Plaintiff does not address or dispute any of these arguments. Instead, Plaintiff contends that Unum removed the action before "formal service," such that the removal was "untimely" and procedurally defective, and also argues that Unum is subject to personal jurisdiction in Arizona and that remand to state court "promotes efficient resolution in the forum most familiar with applicable Arizona insurance law." (Doc. 17 at 1-3.)

"The party asserting jurisdiction has the burden of proving all jurisdictional facts," *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990), and Unum has easily met that burden here. The only competent evidence of Unum's citizenship is the Paul declaration, which avows that Unum's principal place of business is in Maine. Plaintiff has not come forward with any conflicting evidence—his observation that Unum is licensed to transact business in Arizona does not suggest that Arizona is Unum's principal place of business. *See, e.g., Lacombe v. Bullhead City Hosp. Corp.*, 2007 WL 2702005, *4 (D. Ariz. 2007) ("The fact that a corporation is doing business in a given state does not mean that that state is necessarily its 'principal place of business' for purposes of diversity jurisdiction under section 1332.").

The only other argument advanced in Plaintiff's motion is that "removal is procedurally barred by 28 U.S.C. § 1441(b)(2) because Unum engaged in an abusive pre-

service 'snap removal' to evade the forum-defendant rule." (Doc. 12 at 2.) A "snap removal" is when "in-forum defendants in potential diversity actions . . . race to file a notice of removal before being served with process and then claim shelter under the 'properly joined and served' language in § 1441(b)(2)." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n.17 (9th Cir. 2024). The Ninth Circuit has "not decided the permissibility of snap removal." *Id.* But at any rate, there could be no "snap removal" here because there are no in-forum defendants in this action. As Unum correctly points out in its response, because Unum is a Maine citizen and there are no other defendants, "neither the forum-defendant rule nor the law governing 'snap removals' has any relevance here." (Doc. 16 at 5.) Plaintiff does not argue otherwise in his reply.

Instead, Plaintiff uses his reply to advance a new argument that was not raised in his motion—namely, that Unum's removal effort was premature because he did not properly serve Unum via its registered agent in Arizona until December 4, 2025, about two weeks after the removal notice was filed. (Doc. 17 at 2.) As an initial matter, this argument is forfeited. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). At any rate, this argument fails on the merits. Unum received a copy of Plaintiff's initial pleading on October 23, 2025, when Plaintiff served it on Unum's registered agent in South Carolina. Although this may not have been a valid service effort, "[t]he plain text of § 1446(b)(1) sets a deadline for removal, not a 'window' for removal. Nothing in the statute's text can be construed as barring a defendant from filing a notice of removal before formal service." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024). Thus, Unum's filing of the removal notice on November 21, 2025 was neither premature nor untimely.[2]

---

[2] Unum also contends that Plaintiff did not meet and confer before filing his motion, as he claims to have done. (Doc. 16 at 3, citations omitted ["As part of the Motion, Plaintiff certified under Rule 11 that he 'conferred in good faith with defense counsel … via email regarding the deficiencies in the removal and requested that Defendant voluntarily remand this action….Counsel responded that Defendant believes removal was proper and declined to remand.' That is false. Defense counsel has never received any communication from Plaintiff (or anyone else) requesting that Unum Life voluntarily remand this action."].) Plaintiff somewhat conspicuously does not address this issue in his reply. Given the

The remaining arguments in the reply, which are that Arizona state courts have "personal jurisdiction" and are better equipped to resolve issues of state law, are likewise forfeited, *Zamani*, 491 F.3d at 997, and at any rate, the well-settled principles of diversity jurisdiction establish that federal courts are equipped to apply state law. *See, e.g.*, *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1406 (9th Cir. 1991) ("[I]t is undisputed by the parties that the federal district court, sitting in diversity, would apply the substantive law of Arizona. Thus, the federal court would sit in the same posture as the Arizona state court and there should be no different result in the federal proceedings than would have been achieved in the state court proceeding.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 12) is **denied**.

Dated this 23rd day of January, 2026.

---

Dominic W. Lanza
United States District Judge

---

outcome here, the Court finds it unnecessary to delve further into this issue, but the parties are reminded of the necessity of making accurate representations to the Court.